ShacKElpord, J.,
delivered the opinion of the Court.
In 1841, Ira P. Hill executed his note to John Husky, with Thomas Maples, Joseph Snapp, and Thomas Hill, as his securities, for about $500. Hill was in the mercantile business at that time. Before bis death, which oc *26 curred in 1843, lie -placed in the hands of John Husky, the plaintiff’s intestate, goods, notes and accounts, more than sufficient to pay the note; -who remarked, he had enough to secure him. Afterwards, in 1844, he commenced a suit on the note against the securities; and on the 6th of August, 1844, recovered a judgment for $470' and costs, from which judgment an execution issued, and was levied on the lands of Thomas Hill. The execution was returned with the endorsement, “ not time to sell.” On the 6th of January, 1846, an alias execution issued, and was returned not satisfied. On the 28th of January, 1847, an execution was again issued, as appears, for costs, and they were paid equally by Maples and Snapp. Husky lived in the 'neighborhood, from the rendition of the judgment until 1857 or ’58, when he removed to Texas and died.- A short time before leaving, one of the securities applied to him to be discharged from the judgment, and offered him a horse. He replied, “ he could not, or would see him again.” The property of the securities was unincumbered, and sufficient to pay the judgment from the rendition of the judgment until the commencement of this suit. In January, 1859, administration was granted on the estate of John Husky, by the County Court of Sevier, and the administrator commenced this action. The record of the judgment had been destroyed, and suit was brought in the Circuit Court of Sevier. The parties agreed, under the provisions of the Code, section 4236, to try the matters as a Chancery cause in that Court. The case was referred to the Clerk to take proof and report, which was done. His report shows the judgment was rendered on the 6th of August, 1841, for $470.77, interest to 6th of March, 1861, $469.21, mak *27 ing tbe judgment and interest $939.98; that no part of judgment had been paid, but that John Husky did receive debts and property sufficient to satisfy the note upon which the judgment was rendered. The report was- excepted to, and the exceptions disallowed by the Judge, and the same confirmed, and judgment rendered for defendants, from which the plaintiff has appealed to this Court.
We think there is no error in the judgment of the Circuit Judge. The lapse of time in this case, with the circumstances, raises the presumption of payment. Presumptions may be removed by proof; but there are no facts developed in this record to rebut the presumptions created by the proof and lapse of time. The plaintiff lived in the neighborhood for thirteen years after the rendition of the judgment; and from the first year after' the rendition of the judgment, made no effort to collect the debt — left the country without an effort to force the collection. That the defendants had ample property to satisfy the judgment at any time after its rendition) amounts to a presumption in law, the debt was paid. This Court held, in the case of Leiper vs. Erden, 5 Yer., p. 97, that after a lapse of seven years, the character of a creditor for strictness and closeness in the collection of debts might be left to a jury to show the judgment had been paid. “Presumptions are founded on the ordinary course of things. It is not usual for a creditor to delay enforcing the payment of a debt due him for such a length of time. The fact that he does so, evinces a consciousness that -it is not owing, and creates a strong presumption of payment.”
We are satisfied the judgment of the Circuit Court is correct, and it is affirmed.